UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:10-cv-21744-AJ

EXXCEL PROJECT MANAGEMENT, INC.
an Ohio corporation,

      Plaintiff,
vs.

ROCKEFELLER GROUP DEVELOPMENT
CORPORATION, a New York corporation, and
JOHN PETRICOLA, a Florida resident,

      Defendants.
_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S**
**MOTION FOR REMAND**

Defendants Rockefeller Group Development Corporation ("Rockefeller") and John Petricola ("Petricola") (together, "Defendants") hereby respond to the Motion for Remand filed by Plaintiff Exxcel Project Management, Inc. ("Exxcel"). Diversity jurisdiction lies here, and Exxcel's Motion for Remand should be denied, because the only non-diverse defendant in this lawsuit was improperly joined.

## I. INTRODUCTION AND BACKGROUND

This is a strike suit by an unsuccessful contract bidder. Exxcel, an industrial contractor and citizen of Ohio, is suing Rockefeller, a developer and citizen of New York, in an effort to obtain windfall profits on a construction job that it failed to win. *See* Defendants' Notice of Removal [D.E. 1] ("Notice") ¶¶ 3-4. The only other defendant in this lawsuit, Petricola, is a Florida resident and a Rockefeller employee. *Id*. ¶ 5; Cmplt. ¶ 5 & 23. Exxcel claims it was improperly excluded from working on a large commercial real estate project for General Mills, Inc. near Atlanta, Georgia (the "General Mills Project"), but there is no evidence – and in fact no allegation – to support Exxcel's conspiracy theory. *See* Cmplt. ¶¶ 7-58. The Complaint nonetheless attempts to set forth eight mirror-image causes of action against each defendant – sixteen in all (*id*. ¶¶ 59-154) – and purports to seek millions of dollars in damages (*id*. ¶ 48).

The case was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. On May 28, 2010, Defendants timely removed the case to this Court on the basis of diversity jurisdiction. *See* Notice ¶ 6. On June 2, 2010, Exxcel filed a Motion for Remand (the "Motion") [D.E. 3] seeking to return the action to Florida state court. Defendants subsequently moved to dismiss the Complaint in its entirety pursuant to Civil Rule 12(b)(6). *See* Defendants' Motion to Dismiss ("MTD") [D.E. 4]. That motion is pending.[1]

There is no disagreement on most of the fundamental jurisdictional issues. There is no dispute that the matter was timely removed, that there is complete diversity save for Petricola, or that the amount in controversy exceeds $75,000. *See* Notice ¶¶ 2 & 8. The sole issue here is whether Petricola, a Florida resident, was improperly joined. As explained below in greater detail, the Complaint improperly names Petricola – a Rockefeller employee who was indisputably acting "within the course and scope of his employment and/or agency" at all relevant times (Cmplt. ¶ 23) – and manifestly fails to set forth a viable cause of action against him in any event. Removal to this Court was therefore proper, and Exxcel's request for attorneys' fees is unfounded.

## II. LEGAL FRAMEWORK

Whether diversity jurisdiction lies depends entirely on whether Petricola was properly joined.[2] As Exxcel points out, removal is generally unwarranted if one of the "parties in interest <u>properly joined</u> and served as [a] defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see* Motion ¶ 7. Petricola is a resident and citizen of Florida. Notice ¶ 5. However, Rockefeller's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). When a defendant is improperly joined, his citizenship is disregarded for purposes of determining whether removal was proper,

---

[1]   The Motion to Dismiss [D.E. 4] details why each of the claims asserted in this lawsuit is poised for dismissal under Rule 12(b)(6). While many of the most salient points in the Motion are highlighted in the argument below, in order to avoid repetition and in the interest efficiency Defendants hereby incorporate the Motion to Dismiss in its entirety, and refer the Court to that submission for further explication of the case.

[2]   The applicable cases and materials often use the term "fraudulent joinder" to describe the situation presented here, but that term is somewhat misleading. The doctrine "requires neither a showing of fraud nor joinder in one sense." 16 *Moore's Federal Practice* § 4.02 (3d ed. 2010). Defendants therefore use the term "improper joinder" wherever possible in this memorandum.

and he is dismissed from the case. *See Florence v. Crescent Resources LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007); *see also* Fed. R. Civ. P. 21 ("On a motion or on its own, the court may at any time, on just terms, add or drop a party.").

A defendant is considered improperly joined where there is "no reasonable possibility" that the plaintiff can recover against him. *See, e.g., Legg v. Wyeth*, 428 F.3d 1317, 1324-25 (11th Cir. 2005). While Defendants bear the burden of establishing improper joinder here, the potential for liability against Petricola must nonetheless be "reasonable, not merely theoretical." *Id*. at 1325, n.5. "The removal process was created by Congress to protect defendants. Congress 'did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'" *Id*. at 1325 (quoting *McKinney v. Bd. of Trustees*, 955 F.2d 924, 928 (4th Cir. 1992)). The Supreme Court cautioned long ago that "Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court." *Wecker v. Nat'l Enameling & Stamping Co*., 204 U.S. 176, 186 (1907).

The determination of whether Petricola has been properly joined must be made "upon the plaintiff's pleadings <u>at the time of removal</u>, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (emphasis added); *see Cabalceta v. Standard Fruit Co*., 883 F.2d 1553, 1561 (11th Cir. 1989) (same). In other words, the key question here is whether the allegations in the Complaint *as pleaded* establish a valid cause of action against Petricola under settled Florida law and in accordance with *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Whether Exxcel could amend the Complaint to make other allegations is irrelevant. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *e.g., Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484, 1488-89 (10th Cir. 1991) ("The error of this argument is its assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of the removal.").

### III. DISCUSSION

There is no reasonable possibility of recovery against Petricola for two main reasons. <u>First</u>, Exxcel concedes that Petricola was acting as Rockefeller's employee and within the scope of his agency at all relevant times. *See* Cmplt. ¶ 23. It is black letter Florida law that the agent of a disclosed principal cannot be liable for the principal's obligations. <u>Second</u>, and as set forth

more fully in Defendants' Motion to Dismiss, each of the eight causes of action asserted against Petricola fails to state a viable claim for relief.[3]

A.  **Petricola Is Not a Proper Defendant in This Lawsuit.**

Exxcel's own allegations defeat its claims against Petricola. Petricola is a Rockefeller employee who, according to the Complaint, at all relevant times "acted within the course and scope of his employment and/or agency with ROCKEFELLER" (Cmplt. ¶¶ 21 & 23) in an alleged effort to "foster[] the relationship between EXXCEL and ROCKEFELLER as a 'team approach'" (*id*. ¶¶ 25 & 40). It is readily apparent that Exxcel dragged Petricola into this litigation in an effort to harass Rockefeller and defeat removal jurisdiction. Rockefeller is the real target of this lawsuit. The allegations of Petricola's agency, which are incorporated into each of Exxcel's claims for relief, require that he be dismissed from the case.

Under Florida law, an agent acting within the course and scope of his agency relationship with a disclosed principal is not liable for the principal's obligations. This venerable point of law stretches back at least 100 years in Florida. *See, e.g., Blount v. Tomlinson,* 48 So. 751, 753 (Fla. 1909) ("Where the principal is disclosed and the agent is known to be acting as such, the latter cannot be made personally liable unless he agreed to be so."). It means, at a bare minimum, that Petricola <u>cannot</u> be found liable on the so-called "oral agreement" between the parties, or on any of the other alleged debts and obligations associated with that purported agreement. *See* Cmplt. ¶¶ 131-34 (breach of contract claim); *id*. ¶¶ 135-41 (implied duty of good faith and fair dealing); *id*. ¶¶ 142-47 & 148-54 (unjust enrichment and quantum meruit); *e.g., Kanov v. Blitz*, 660 So. 2d 1165, 1165-66 (Fla. 3d DCA 1995); *Philip Schwartz, Inc. v. Gold Coast Graphics, Inc*., 623 So. 2d 819, 820 (Fla. 4th DCA 1993); *Van D. Costas, Inc. v. Rosenberg*, 432 So. 2d 656, 658 (Fla. 2d DCA 1983); *see also W.D. Sales & Brokerage, LLC v. Barnhill's Buffet of Tennessee, Inc*., No. 3:08cv146-RS-EMT, 2008 WL 4098331, at *2 (N.D. Fla. Sept. 3, 2008) (holding, "[a]s a matter of law," that agent for corporation could not be held liable for <u>tortuous interference</u> by principal).

---

[3]  The Complaint attempts to assert eight common-law claims against Petricola – the same eight that are asserted against Rockefeller: (1) Breach of Fiduciary Duty (Count IX); (2) Fraudulent Misrepresentation (Count X); (3) Fraud in the Inducement (Count XI); (4) Tortious Interference with Business Relationship (Count XII); (5) Breach of Oral Contract (Count XIII); (6) Breach of Duty of Good Faith and Fair Dealing (Count XIV); (7) Unjust Enrichment (Count XV); and (8) Quantum Meruit (Count XVI).

Because Petricola is insulated from liability on Exxcel's contractual and quasi-contractual claims, he must be dismissed from the case. <u>All</u> of the remaining claims against him arise from the same alleged "oral agreement" between the parties, and are thus barred by Florida's economic loss rule. As explained in Defendants' Motion to Dismiss [D.E. 4], each of the remaining causes of action asserted against Petricola (Counts IX, X, XI and XII) is based in tort and arises from the parties' alleged oral agreement:

> Specifically, Exxcel claims that Defendants breached their so-called "fiduciary duties" by proceeding on the General Mills Project without Exxcel (Counts I & IX); defrauded Exxcel in connection with the alleged oral agreement (Counts II, III, X & XI); and interfered with Exxcel's purported "business relationship" with General Mills by reneging on the alleged oral agreement (Counts IV & XII).
>
> The economic loss rule intercepts each of these tort claims, however, because they all derive from the alleged contract between the parties. For example, Exxcel's claims for fraudulent misrepresentation and fraud in the inducement are nothing more than contract claims clothed in the language of tort; instead of asserting a breach of contract, Exxcel claims that the alleged statement supposedly embodying the contract was really a "misrepresentation" by Rockefeller. *See, e.g.*, Cmplt. ¶¶ 65-77.

MTD at 3-4 (footnote omitted) (citing numerous authorities).

No further inquiry is needed. Courts applying Florida law have consistently rejected precisely what Exxcel is attempting to do here: recast contract claims as actions in tort. *Id*. In short, Petricola's admitted status as an agent of Rockefeller acting within the course and scope of his employment, combined with a straightforward application of the economic loss rule, precludes any chance of recovery against Petricola. *See, e.g., Dumas v. ACCC Ins. Co.*, 349 Fed. Appx. 489, at *2 (11th Cir. 2009) (affirming denial of remand based on improper joinder where individually named defendant owed no independent duty to plaintiff).[4]  Removal was proper for that reason alone.

---

[4]   There is ample authority for finding improper joinder and denying a motion to remand where, as here, the agent of a disclosed principle has been sued in his individual capacity. *See, e.g., Legg*, 428 F.3d at 1320-22 (holding that employee-defendant was fraudulently joined since there was no reasonable basis to hold him personally liable for any wrongful act of employer, and noting how the practice of naming local sales representatives as defendants had become a "common strategy" in the effort to evade federal diversity jurisdiction); *Bullock v. United Benefits Ins. Co.*, 165 F. Supp. 2d 1255 (M.D. Ala. 2001) (finding fraudulent joinder and denying motion to remand where plaintiff could not maintain his breach of contract claim against resident insurance agent who was not a party to contract); *see also Ruiz v. Vanguard Car Rental USA, Inc.*, No. 5:06-cv-221-Oc-10GRJ, 2006 WL 4390890, at *6 (M.D. Fla. Nov. 2, 2006)

**B.     None of the Causes of Action Against Petricola State a Claim for Relief.**

The other bases to dismiss Petricola from the lawsuit and upohold removal are set forth in Defendants' pending Motion to Dismiss [D.E. 4].  As explained more fully there, the claims in this lawsuit all stem from Exxcel's apparent frustration at having its bid to work on the General Mills Project rejected.  The General Mills Project is large-scale real estate development project near Atlanta, Georgia.  Rockefeller and Exxcel initially bid on the project together, but General Mills did not select Exxcel for the job.  *See* MTD at 2-3; Cmplt. ¶¶ 35-58.  Ever since Exxcel – an admittedly sophisticated contractor that touts its experience working for Fortune 500 companies (Cmplt. ¶ 6) – lost that bid, it has embarked on a campaign to extort what it claims to be its "share" of the proceeds from the project from Rockefeller.  That campaign culminated in the instant lawsuit.

Putting aside the fact that Exxcel cannot sue Petricola as an agent of a disclosed principal, and ignoring the effect of the economic loss rule on all of Exxcel's tort-based claims (*supra* pgs. 4-5), each of the causes of action asserted against Petricola is fundamentally deficient in its own right.  The various reasons for dismissal pursuant to Rule 12(b)(6) are detailed in full in the Motion to Dismiss (which is incorporated by reference), and they need not be fully recounted here.  For the Court's convenience, Defendants submit following summary of the arguments set forth in the Motion to Dismiss:

• **<u>Count IX - Breach of Fiduciary Duty</u>** – The Complaint describes typical business dealings between two large and sophisticated players in the business of commercial real estate development, not a special fiduciary relationship of "trust" and "confidence."  Exxcel cannot state a fiduciary claim against Petricola because it has not – and cannot – allege that Petricola accepted and reciprocated whatever trust Exxcel allegedly placed in him, and certainly cannot show that it was in a position of weakness and needed advice, counsel or protection from a mere employee of Rockefeller.  *See* MTD at 5-7.

---

("Because there is no possibility of a cause of action against the Florida Defendants under Florida law, … the Court concludes that the Florida Defendants were fraudulently joined and thus their presence in this case does not preclude the Defendants from removing this case to federal court."); *Holloway v. Hartford Life & Accident Ins. Co.*, No. 10-4002-CV-S-ODS, 2010 WL 501173, at *1 (W.D. Mo. Feb. 9, 2010) (denying motion to remand and rejecting argument that "some type of liability" could be imposed on resident defendant, since "an agent is not liable for lawful acts performed within the scope of its authority for a disclosed principal").

- **Counts X & XI - Fraudulent Misrepresentation/ Fraud in the Inducement** – The allegations in the Complaint plainly violate Rule 9(b) and its requirement that the circumstances of any alleged fraud be stated "*with particularity*." Fed. R. Civ. P. 9(b) (emphasis added). Exxcel offers zero information about Petricola's allegedly fraudulent statements – assuming there were more than one. Neither the contents of the alleged statements, their time, place, manner, or their recipients are identified anywhere in the Complaint. *See* MTD at 7-8.

- **Count XII - Tortious Interference with Business Relationship** – This claim fails for the simple reason that there was no "business relationship" between Exxcel and General Mills with which to interfere. Exxcel merely submitted a "bid" to General Mills, and that bid was not accepted. Furthermore, even assuming (incorrectly) that there were such a relationship, Rockefeller would be considered a party to the relationship and consequently immune from a tortious interference claim. *See* MTD at 9-10; *see also W.D. Sales*, 2008 WL 4098331, at *2 (rejecting tortious interference claim against agent of principal "[a]s a matter of law").

- **Count XIII - Breach of Oral Contract** – Other than the fact that there was never an exclusivity agreement between the parties, this claim is foreclosed by Florida's statute of frauds, as the parties could not have reasonably contemplated completing the General Mills Project (which, it should be mentioned, remains ongoing) within a year. Besides that, Exxcel has not alleged the most basic perquisites of an enforceable agreement of any kind, written or verbal. *See* MTD at 10-12.

- **Count XIV - Breach of Duty of Good Faith and Fair Dealing** – Without a valid and enforceable contract involving Petricola, this claim cannot survive. "A breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but attaches to the performance of a specific contractual obligation." *Burger King Corp. v. E-Z Eating, 41 Corp.*, 572 F.3d 1306, 1314 n.10 (11th Cir. 2009) (internal marks and citation omitted). Not only that, but Exxcel nowhere explains *how* Petricola might have breached his purported duty of good faith and fair dealing. *See* MTD at 13.

- **Counts XV & XVI - Unjust Enrichment and Quantum Meruit** – The allegations of a binding contract between the parties bars each of these quasi-contractual claims. So, too, does Exxcel's patent inability to allege (as it must) that it "conferred a benefit" on Petricola individually or in any other sense, or that any enrichment Petricola might have enjoyed by virtue of working on the General Mills Project was obtained inequitably. *See* MTD at 13-15.

\*     \*     \*

In sum, at the time of removal the allegations in the Complaint do not come close to asserting an actionable claim against Petricola. There is no reasonable possibility of recovery against this Rockefeller employee for a host of reasons. His presence in this lawsuit is not just odd and incongruous; it defies well-settled Florida statutory and common law. Exxcel's Motion for Remand should be denied because the only resident defendant was improperly joined.

**C.     Exxcel's Request for Attorneys' Fees and Expenses Should Be Denied.**

The Court should exercise its considerable discretion and decline to award Exxcel the costs and attorneys' fees it claims to have incurred in filing the Motion for Remand, even if the motion is successful and the case is remanded. The governing statute, 28 U.S.C. § 1447(c), provides that "[a]n order remanding the case <u>may</u> require payment of <u>just</u> costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added).

In accordance with this language, the Supreme Court has cautioned that "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) <u>only</u> where the removing party lacked an <u>objectively reasonable basis</u> for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added). The Eleventh Circuit has explained that the reasonableness standard is "the result of balancing the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Lost Mt. Homeowners Ass'n v. Rice*, 248 Fed. Appx. 114, 115 (11th Cir. 2007) (quoting *Bauknight v. Monroe County, Fla.*, 446 F.3d 1327, 1329 (11th Cir. 2006)).

Defendants had an objectively *good* reason to seek removal here. Diversity jurisdiction is not patently lacking, because Exxcel has no reasonable chance of recovery against the only resident defendant, Petricola, who was obviously joined to the case in the hopes of defeating removal. In any event, this is certainly not a situation where Defendants lacked an "objectively reasonable basis" to seek removal. *Cf. Azevedo v. Carnival Corp.*, No. 08-20518-CiV, 2008 WL 2261195, at \*8 (S.D. Fla. May 30, 2008) (Gold, J.) (remanding but declining to find that defendant lacked an objectively reasonable basis for seeking removal); *Point One, LLC, v. Cheekie Investments, LLC*, No. 07-21719-CIV, 2007 WL 4219000 (S.D. Fla. Nov. 28, 2007)

(Garber, M.J.) (same); *Seraphin v. Parapella*, No. 07-60155-CIV, 2007 WL 2581732 (S.D. Fla. Sept. 4, 2007) (Marra, J.) (same).

Further counseling against an award of fees and costs is the fact that Exxcel did not attempt to confer with Defendants prior to filing the Motion for Remand. The Local Rules of this Court *required* Exxcel to take that step before seeking affirmative relief. *See* S.D. Fla. L.R. 7.1(a)(3). By failing to comply with that mandatory rule, Exxcel deprived Defendants of any opportunity to avoid the very expenses for which Exxcel now seeks compensation. In fact, Exxcel's violation of the good-faith conference rule may itself be cause for the Court to "deny" the Motion for Remand "and impose on [Exxcel's counsel] an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." *Id*.

Finally, there is no evidence, and indeed no suggestion, that Defendants have sought removal for the purpose of "prolonging the litigation" or "imposing costs" on Exxcel. *Lost Mt.*, 248 Fed. Appx. at 115. Quite the contrary. The comprehensive nature of the pending Motion to Dismiss underscores Defendants' desire to see the case disposed of quickly and expeditiously. Rather than having the case heard in state court, Defendants are simply seeking justice in the federal forum. That the Court may ultimately disagree with Defendants' removal decision does not itself warrant an award of fees and costs.[5]

June 15, 2010.

---

[5] *See Christensen v. Mentor Corp.*, No. 08-60371-CIV, 2008 WL 2074422 at *3 (S.D. Fla. May 15, 2008) (Zloch, J.) (declining to award fees because, although factually deficient, the removing party's argument was well supported by the law); *Signer v. DHL Worldwide Express, Inc.*, No. 06-61932-CIV, 2007 WL 1521497 at * 7 (S.D. Fla. May 22, 2007) (Moore, J.) (declining to award attorneys' fees and costs where defendant "cited cases which show that Defendant had an objectively reasonable basis to believe removal might be warranted").

Respectfully submitted,

**AKERMAN SENTERFITT**
One S.E. Third Avenue, 25th Floor
Miami, Florida 33131
Telephone: (305) 374-5600
Facsimile: (305) 374-5095
Email: james.miller@akerman.com
Email: samuel.heywood@akerman.com
Email: james.bombulie@akerman.com

By: /s/ Samuel S. Heywood
JAMES MILLER
Florida Bar No.: 201308
SAMUEL HEYWOOD
Florida Bar No.: 0016604
JAMES A. BOMBULIE
Florida Bar No.: 0025749

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF this 15th day of June, 2010. I also certify that the foregoing document is being served this day on the following counsel of record via transmission of Electronic Filing generated by CM/ECF:

Ariel Eric Furst, Esq.
757 NW 27th Avenue
Miami, Florida 33125
Telephone: 305-643-3100, Ext. 206
Facsimile:  305 643-1382
Email:  afurst@stabinksi-funt.com

                                            /s/ Samuel S. Heywood
                                            Samuel S. Heywood, Esq.