**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 10-21744-CV-JUDGE ADALBERTO JORDAN

EXXCEL PROJECT MANAGEMENT,
a Foreign Corporation,

       Plaintiff,

v.

ROCKEFELLER GROUP DEVELOPMENT
CORPORATION, a Foreign Corporation, and
JOHN PETRICOLA, individually,

       Defendants.

_____/

**REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR REMAND**

      Plaintiff, Exxcel Project Management, Inc. ("Exxcel"), files this Reply to Defendants, Rockefeller Group Development Corporation's ("Rockefeller") and John Petricola's ("Petricola"), Opposition to Plaintiff's Motion for Remand and states the following:

**INTRODUCTION**

      Plaintiff Exxcel, an Ohio corporation, brought suit against Defendant Rockefeller, a New York corporation, and its employee John Petricola, a Florida resident, pleading alternative causes of action for breach of oral contract, tort and alternative equitable remedies. The gravamen of Exxcel's claim is that, after introducing Defendants to a lucrative venture for construction of a General Mills

distribution center and agreeing to work exclusively with Exxcel on the project, Defendants excluded Exxcel from the deal, usurped the opportunity and replaced Exxcel with another contractor.

Exxcel originally filed this lawsuit in state court against both Defendants Rockefeller and Petricola.   The case was removed to this Court and Plaintiff Exxcel timely filed a motion for remand on the ground that Defendant John Petricola is a citizen of Florida.

Defendants' Opposition to the Motion for Remand is premised on its arguments that Defendant John Petricola was improperly joined as a ploy to defeat diversity jurisdiction, Petricola cannot be sued in his individual capacity, and none of the claims alleged against him individually state a cause of action.   None of these arguments has merit and this Court should grant the motion for remand.

## ARGUMENT

### A. Improper Joinder Argument Without Basis.

To begin with, John Petricola was not joined as an afterthought in this litigation in order to defeat diversity jurisdiction.   To the contrary, he was named as a co-defendant when this suit was originally filed in state court.   Moreover, there is no dispute that Mr. Petricola is a central figure in the wrongdoing alleged. The Complaint alleges:

2

19.     At all times material, the main contact person at ROCKEFELLER who interfaced with EXXCEL was JOHN PETRICOLA.

20.     At all times material, information and documentation that was sent from EXXCEL to ROCKEFELLER was to the attention of PETRICOLA.

21.     At all times material to this suit, PETRICOLA was an employee, partner, agent, and/or apparent agent of the defendant, ROCKEFELLER.

22.     At all times material to this suit, PETRICOLA was Assistant Vice-President and Regional Director at ROCKEFELLER.

23.     At all times material to this suit, PETRICOLA acted within the course and scope of his employment and/or agency with ROCKEFELLER.

24.     At all times material, PETRICOLA was aware of the relationship between EXXCEL and ROCKEFELLER and its purpose.

*       *       *

27.     At all times material, EXXCEL relied on the good faith dealing between itself and PETRICOLA and ROCKEFELLER.

*       *       *

40.     On or about February 2009, PETRICOLA on behalf of ROCKEFELLER submitted a proposal to General Mills advising that ROCKEFELLER together with EXXCEL as a contractor made a "uniquely qualified team" to undertake the General Mills project.

41.     PETRICOLA further advised that ROCKEFELLER together with EXXCEL had the

3

collective expertise to undertake the General Mills Project.

42.    On or about the end of February 2009, PETRICOLA on behalf of ROCKEFELLER provided additional information and clarification to General Mills in regard to the General Mills Project.

43.    At all times material, ROCKEFELLER had an agreement and understanding with EXXCEL that they would deal with each other exclusively as it relates to the General Mills Project; as such, although EXXCEL brought the deal, EXXCEL would not seek financing or backing from another company, and in return ROCKEFELLER would not seek any other contractor to do the job.

44.    At all times material, PETRICOLA was aware of the foregoing agreement and understanding and was agreeable to same.

45.    At all times material, PETRICOLA reassured EXXCEL that ROCKEFLLER would not undertake the General Mills Project without EXXCEL.

*     *     *

51.    At all times material, PETRICOLA continued to mislead EXXCEL while it was soliciting a 3rd party to take the place of EXXCEL to undertake the General Mills Project.

*     *     *

53.    At all times material, unbeknownst to EXXCEL, PETRICOLA was using information it received from EXXCEL for his own benefit and to the detriment of EXXCEL.

54.    At all times material, EXXCEL was deprived of a profitable business opportunity as it relates to the General

4

> Mills Project because it relied on the purported good faith
> dealing of ROCEKFELLER and PETRICOLA.

Defendants cannot contend that Mr. Petricola was a minor player joined solely to

defeat jurisdiction.

## B. Individual Claims Against Petricola Are Proper Under Florida Law.

Exxcel is permitted to assert claims against both Rockefeller and Petricola,

individually, notwithstanding allegations that Petricola was an employee or agent

of Rockefeller who acted within the scope of his employment at all times material

to the Complaint.

> It is well-settled, however, that individual officers and
> agents of a corporation may be held personally liable for
> their tortious acts, even if such acts were committed
> within the scope of their employment or as corporate
> officers. *Orlovsky v. Solid Surg, Inc.,* 405 So. 2d 1363
> (Fla. 4th DCA 1981). A corporate officer or
> representative of a defendant corporation is not shielded
> from individual liability for his own torts. *Roth v.
> Nautical Eng'g Corp.,* 654 So.2d 978 (Fla. 4th DCA
> 1995). Fraud in the inducement is a recognized
> intentional tort that can subject a corporate officer to
> individual liability. See *La Pesca Grande Charters, Inc.,
> v Moran,* 704 So. 2d 710 (Fla. 5th DCA 1998).

First Financial USA, Inc., v. Steinger, 760 So. 2d 996 (Fla. 4th DCA 2000).

In E&A Produce Corp. v. Olmo, 864 So.2d 447 (Fla. 3d DCA 2003), the

plaintiff brought suit against Olmo, the vice-president of Superior Garlic Corp.,

and the corporation. The individual claims against Olmo, the vice-president were

for civil theft, conversion and malicious destruction of property in connection with

5

the removal of a control panel from a garlic peeling machine that was the subject

of a joint venture between the parties.  The court held that:

> It is true that individual officers and agents of a
> corporation may be held personally liable for their
> tortious acts, even if such acts were committed within the
> scope of their employment or as corporate officers.  See
> *Orlovsky v. Solid Surf, Inc.,* 405 So.2d 1363, 1364 (Fla.
> 4th DCA 1981).

Id.

The court found, however, that Olmo was not involved in any of the acts alleged.

See Munder v. Circle One Condominium, Inc., 596 So.2d 144 (Fla. 4th DCA 1992)

(recognizing that body of corporate law which insulates corporate employees from

individual liability does not apply in cases of fraud, self-dealing, unjust

enrichment, or betrayal of trust, where individual liability exists).

The Eleventh Circuit has recognized this principle in Delong Equipment Co.

v. Washington Mills, 840 F.2d 843, 851 (11th Cir. 1988):

> …it is equally well settled that personal participation by a
> corporate employee, officer, or director in the wrongful
> activities of a corporation is sufficient to make the
> individual, as well as the corporation, substantively liable
> for a tort. *Union Carbide Corp. v. UGI Corp., 731 F.2d
> 1186, 1189 (5th Cir. 1984); Columbia Briargate Co. v.
> First National Bank, 713 F.3d 1052, 1064-65 (4th Cir.
> 1983), cert. denied sub. nom Pearson v. Columbia
> Briargate Co., 465 U.S. 1007, 104 S. Ct. 1001, 79 L. Ed.
> 1d 233 (1984); Escude Cruz v. Ortho Pharmaceutical
> Corp., 619 F.2d at 907; Donsco, Inc. v. Casper Corp.,
> 587 F.2d 602, 606 (3d Cir. 1978); Lobato v. Pay Less
> Drug Stores, 261 F.2d 406, 408-09 (10th Cir. 1958).*

Petricola is properly sued in his individual capacity.

### C. Claims Alleged Against Petricola State Causes of Action.

In order to avoid repetition, Exxcel herein adopts and incorporates its Response to the Motion to Dismiss filed contemporaneously herewith as its argument that viable causes of action have been pled against Defendant John Petricola for Breach of Fiduciary Duty (Count IX); Fraudulent Misrepresentation/Fraud in the Inducement (Counts X and XI); Tortious Interference with Business Relationship (Count XII); Breach of Oral Contract (Count XIII); Breach of Duty of Good Faith and Fair Dealing (Count XIV); Unjust Enrichment and Quantum Meruit (Counts XV and XVI).

### D. Request for Attorney's Fees

For the reasons stated herein, Defendants had no objectively good reason to expect the claims alleged against Petricola, individually, to disappear. Accordingly, an award of attorney's fees is appropriate pursuant to 28 U.S.C. § 1447(c).

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this case be remanded to the Circuit Court of the Eleventh Judicial Circuit In And For Miami-Dade County, Florida together with an award (or finding) that Plaintiff is entitled to attorneys' fees and costs for the necessity of the services rendered and costs incurred in

connection with the Motion for Removal and the Motion for Remand and for such

other and further relief as the Court deems just and proper.

Respectfully submitted,

STABINSKI & FUNT, P.A.
*Attorneys for Plaintiff Exxcel*
757 NW 27th Avenue, Third Floor
Miami, Florida 33125
Tel.   (305) 643-3100 Ext. 206
Fax   (305) 643-1382


 /s/Ariel Furst          .
ARIEL E. FURST
FBN: 959944

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the clerk of the Court using CM/ECF this 16th day of June, 2010.  I also certify that the foregoing document is being served this day on **Samuel S. Heywood, Esq., James Miller, Esq.** and **James A. Bombulie, Esq.,** Akerman Senterfitt, One SE Third Avenue, 25th Floor, Miami, FL 33131 via transmission of Electronic Filing generated by CM/ECF.

/s/Ariel Furst         .
ARIEL E. FURST
FBN: 959944

9